May it please the court. Eric Levin for Joseph Scott. I'd like to reserve two minutes for rebuttal, so I'll try and do that. The parties agree on many of the issues presented in the appeal. I'll briefly touch on them, but I won't discuss them unless the court wishes to hear about them. We agree that the ineffective assistance of counsel claim is properly presented on a direct appeal, even though occasionally it would not be. We agree that this appeal as it relates to ineffective assistance of counsel is not barred by the plea agreement, although there is a waiver in that plea agreement. We also agree that there was a guidelines calculation error in the PSR, which was adopted by the court at sentencing. And we agree that defense counsel took no steps to correct that error, either by objecting to the PSR or objecting at the time of sentencing. Where we part ways is whether that itself fell below an objective standard of reasonableness. The government argues that it was fine for the defense counsel to abdicate his duty to represent his client vigorously because it had, put in a footnote, cited to a Seventh Circuit case. I don't believe it's ever proper for defense counsel to abdicate his duty to represent his client vigorously. Trial counsel argued for five years, correct? Yeah, and that's exactly right. Yeah? Yes. That is correct, and that is particularly why it ran contrary to his strategy. The only issue at sentencing was the length of supervised release. The probation and the government argued for 20 years, and defense counsel argued for five, which was the statutory minimum. Didn't the government tell the district judge that she could go above five years if she made special findings? Is the answer to that yes or no? To be precise, I want to see exactly what the government counsel said. What the government counsel said is that the statutory minimum in this case is five years, and there is recent case law reflecting that the court must find that the particular defendant warrants a variance from that period. That's exactly verbatim what the government counsel said at sentencing. The government never said the PSR is incorrect.  If the district judge had said the upward limit is five years, but the case law and guidelines teach me that I can go above that if I make special findings and I make the following findings, would we be here on this issue? Well, in that case, I would be challenging the sentence as substantively unreasonable, which I'm not doing, and it would be a far more difficult appeal for me because we do give deference to the trial court's decision in that regard. And didn't she make some special findings here? Didn't she say that she was tailoring the length of supervised release in the federal system to match that in the state system? She did say that, yes. Didn't she refer to your client's history of failing to register as he was required to do? I don't believe she said that. I believe she said that I'm tailoring it to the 10 years you got in Oregon, and I'm also giving extra time for you to get evaluated. The record before her was, though, that he had moved to the state of Washington and failed to register, correct? And that was the offense conduct that resulted in the conviction. But the record is also very clear that she believed that the guideline range was five years to life. She said it on the record. She wrote it in her statement of reasons. It seems to me there are really two issues here. One is the sentence and whether it was inappropriate for the district court to extend to 10 years the period of supervised release. The other is whether the client below was the victim of ineffective assistance of counsel. It's pretty hard for me, maybe you can convince me, it's pretty hard for me to construe ineffective assistance of counsel in a circumstance like this when it's clear the district court was going to give 10 years and there was an adequate basis for doing that. I invite you to talk me out of it. Okay. Well, that is the meat of the government's argument. That is the issue. The government says that 10 years was an inextricable result here and it was going to happen regardless of... You know, I've only been on the Ninth Circuit 20 years. If you've read any of my opinions, parroting what the government says is not my usual name. Okay. Well, I hope you don't do so here because the government ignores several key cases from this circuit. That's fair. For example, United States v. Palumbo in that case was an ineffective assistance of counsel case relating to sentencing. And the court held in that case that an error that may increase the sentence is prejudicial. Further, in United States v. Gunning from 2005, even when the district court, this court held, that when the district court could have lowered the defendant's sentence, we have presumed prejudice and remanded, even if we doubted that the district court would have done so. And I could go even further in Munoz-Camarena, United States v. Munoz-Camarena, and most recently this spring in United States v. Gardenhire, the court held that even when the trial court stated on the record that it would, in fact, impose the same sentence, regardless of the guidelines calculation, the court has declined to find these kind of procedural errors harmless. So the question is whether there's a reasonable probability of a different result. That's the standard under Strickland. But in case after case, this court has held that when there is a guidelines error, a procedural mistake in the sentencing, that prejudice is presumed when it could possibly result in a lower sentence. And that's exactly the case here. Mr. Levin, help me out, if you would, please, on this issue. I was under the impression that we had circuit precedent. I don't know if it was Carty or something else that said that if there's an inaccurate or incorrect guidelines range at the start, that that's significant procedural error and that we should vacate the sentence and remand in that setting and not try to assume where the court would have ended up with the correct guidelines. But what I don't know is where does the ineffective assistance of counsel analysis with its requirement of prejudice fit into that? Well, the question of the prejudice question on an ineffective assistance of counsel claim is a reasonable possibility of a different result. That's the prejudice analysis on an ineffective assistance of counsel claim. The prejudice analysis on a procedural error at sentencing is also the same standard, a reasonable probability that he would have received a different sentence. That's United States v. Joseph. So the standards are the same. In fact, two of the cases that I cited to just now, Munoz-Camarena and Garden Hire, I believe were procedural errors at sentencing, not ineffective assistance of counsel. United States v. Palumbo was ineffective assistance of counsel. They all come to the same result. It doesn't matter what the court said. Counsel, I think you wanted to save some time for rebuttal. Yes, I did. Thank you very much. Thank you for your argument. Thank you. We'll give you an extra minute for rebuttal. May it please the Court. Charlene Kosky for the United States. Mr. Scott's argument that but for his counsel's failure to object, there's a reasonable probability that he would have received a different sentence is contrary to the record. His attorney did argue for a five-year sentence, which was the undisputed minimum sentence that he could have received. And the district court explicitly rejected that as insufficient. And she also declined to impose the 20-year term that government and probation sought. Instead, she imposed a 10-year term. She listed the reasons for that term, and those reasons were unrelated to the guidelines range. If this court were to send it back, she could impose the exact same sentence for the exact same reasons, and the record indicates that that's exactly what she would do. Let me ask you a question on that. I certainly see the argument from what she said of some likelihood she might do that. But isn't it still somewhat speculative to say when she made all of her comments in the light of a perception that the failure to register was a sex offense warranting lifetime supervision, that we can be sure she would look at it the same way if told that the maximum supervised release under guidelines was five years? And, of course, she has the ability to go higher. But how do we know for sure, or even as a matter of probability, that that's what she would have done if she had the knowledge on the correct guidelines range? Well, I don't think you can ever know for sure, and that's not Strickland's standard. Strickland has a highly differential standard. We do not concede that his attorney erred under the circumstances at the time. We don't think it was objectively unreasonable not to raise the issue, and we also don't think that there's a reasonable probability, given the court's comments, which I will go through right now, that she would impose a different sentence. Before you do that, how difficult was it at the time of sentencing or before when the defense attorney below, I take it was somebody different, had access to the PSR, the pre-sentence report, to determine what the guideline requirement was? Was anything more difficult than opening a book? Actually, the government included in its sentencing memo information in a footnote that said, in context, at the sentencing hearing, the issue that received the primary focus was the custodial sentence because the parties had miscalculated the guideline range. So that was the primary focus of the sentencing memos and the primary focus of the sentencing hearing. But in the sentencing memo that the government submitted, there was a footnote that said, for purposes of the guidelines range pertaining to supervised release, the guidelines range is five years and that there was case law, citing Goodwin, that required that if you're going to impose a sentence in excess of five years, you need to explain it would be a variance. And the district court, also getting back to Judge Gould's point, is that in the statement of reasons, on the third page, when the court had to list its explanations for why it varied above the guidelines range, she included that she imposed a 10-year supervised release sentence because it would parallel the state court, suggesting that doesn't necessarily fix her error, but it does suggest that she knew what she was doing and if she was asked to do it again, she would do the exact same thing for the exact same reasons. So let me ask the question this way. What is the strong interest of the government in not sending it back if you're right that she'll do the same thing? Wouldn't it be a better procedure? This is an argument of question. Wouldn't it be a better procedure, because the guidelines range was in error, to vacate and send it back for resentencing with the correct guidelines range? Just on the premise that we want to encourage district courts to start off with the right guidelines range and then exercise a broad discretion. I think that if harmless error analysis didn't apply, I agree. I mean, that's the goal. But in this circuit, harmless error analysis does apply, and that's because finality of judgment is important as a matter of policy. And where an error was committed, and even if it's a misstatement of the guidelines range, where it didn't matter and it didn't affect the outcome of the proceeding, then the scale tips the other way, where the policy considerations outweigh sending it back and redoing a hearing where the result wouldn't be no different. Is our review for plain error? Yes, it is. And that's because of the plea agreement? That is because the issue was not raised below. All right. We ask that you affirm. Thank you. Thank you, Ms. Goss. Just to clarify a few points, the review is for plain error as to the second claim, the procedural error committed during sentencing, obviously not the ineffective assistance of counsel claim. The point the government raises about, well, the result is going to be the same, mirrors the argument that it made in United States v. Palumbo. And in that case, the panel said we're sympathetic, wrote we are sympathetic to the government's position, but that's not the standard. Even if we don't believe, even if the court has said that it's going to impose the same sentence, the case law in this circuit is very clear that it is still prejudicial. And there is very little reason not to remand, as this court found in United States v. Joseph, when the only issue is a resentencing. The government's interest is relatively low in that case. So I think it's fine for the government to get up in a pine as to what the district court is going to do, but that speculation is really completely irrelevant to the issue of whether the error was harmful. Thank you. Thank you, counsel. We appreciate the excellent arguments by counsel on both sides of the issue. We will ponder it and render decision in due course. But for now, the case of U.S. v. Scott shall be submitted.
judges: Noonan, Hawkins, Gould